*664 Plaintiff appeals from an adverse decision of the General Services Administration Board of Contract Appeals. Plaintiff seeks to recover amounts withheld from rent owed it under a leasing agreement. Plaintiff contractor constructed an Internal Revenue Service Center and leased it to the General Services Administration. The facility housed computer equipment that required a sophisticated air conditioning system. The leasing agreement was ambiguous as to which party was responsible for the maintenance of the system, including required water treatment. At the request of defendant plaintiff performed the water treatment during the first year of the lease. Thereafter defendant assumed the responsibility and agreed to reimburse plaintiff for the services performed. After the system developed potentially serious problems defendant rescinded its agreement to reimburse plaintiff. Thereupon plaintiff renounced any obligation to maintain or repair the system. Defendant contracted for necessary repairs, withholding the cost from rent due the plaintiff. The repair was negligently performed, thus necessitating a second repair whose cost was also withheld from rent owed plaintiff. Defendant also deducted the cost of water treatment. On January 12, 1979 Trial Judge Judith Ann Yannello filed a recommended decision (reported in full at 25 CCF para. 82,977) holding defendant responsible for water treatment and the cost of the second repair. Plaintiff was found liable for the cost of the first repair. The court found the contract to contain a patent ambiguity as to the division of maintenance responsibilities. Since the contractor did not resolve the ambiguity prior to bidding or award it was held to the contract terms as interpreted by the defendant. Defendant, in having requested plaintiff to initially perform the water treatment, promising to reimburse plaintiff, and ultimately performing the treatment itself was found to have undertaken the responsibility for the water treatment. Thus the amounts representing the cost of water treatment were wrongfully withheld. As to the responsibility for repair, the court found no contractual ambiguity, it being clear that plaintiff was liable for any damage not caused by defendant’s employees or agents. The initial damage was found not to have been solely caused by defendant; therefore plaintiff remained contrac *665 tually liable for repair. In that the second repair was necessitated by the negligence of defendant’s agents, defendant was held responsible for its cost. On March 9, 1979 the court, by order, adopted the recommended decision as the basis for its judgment in this case and granted plaintiffs motion for summary judgment in part and defendant’s cross-motion in part. The case was remanded to the General Services Administration Board of Contract Appeals for further proceedings not inconsistent with the trial judge’s decision.
On May 20, 1980 the court dismissed the petition following the filing by plaintiff of a motion to dismiss endorsed "no objection” by defendant.